IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-18-171-C |
| | ) |
| ERICK MUNOZ-ALVARADO, | ) |
| a/k/a Erick Alvarado Munoz, | ) |
| a/k/a Erick Munoz-Alvarado, | ) |
| a/k/a Angel Manolo-Garcia, | ) |
| a/k/a Angel Garcia Vargas, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion to Dismiss Indictment (Dkt. No. 16). According to Defendant, the Supreme Court's recent decision in Pereira v. Sessions, ___ U.S. ___, 138 S.Ct. 2105 (2018), establishes that the underlying order of deportation in his case was unlawful because the immigration judge lacked jurisdiction to enter it. Defendant argues that the Notice to Appear issued in his immigration case did not include a date or time for the hearing. According to Defendant, the Supreme Court in Pereira held that a Notice to Appear that did not include a date and time for the hearing was invalid. The Government has filed a response, arguing that the Motion to Dismiss should be denied.

After considering the arguments presented by the parties, the Court finds that the Motion to Dismiss Indictment will be denied because the underlying premise for it, the alleged invalidity of the Notice to Appear, does not provide Defendant entitlement to relief. First, the Court notes the facts in this case are significantly different from those in the Pereira case. Here, Defendant appeared at his hearing and unequivocally waived any

further notice or hearing and agreed to deportation. This fact alone is sufficient to overcome the deficiencies noted by the Supreme Court in Pereira and is sufficient to establish Defendant's status as a person found in the United States without having obtained the consent of the Attorney General.

Alternatively, the Court notes that Tenth Circuit precedent precludes the challenge that Defendant raises here. United States v. Adame-Orozco, 607 F.3d 647, 651 (10th Cir. 2010), establishes that to collaterally attack a deportation order 8 U.S.C. § 1326(d) the Defendant must show, "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." Defendant cannot demonstrate any of these three things. First, there has been no exhaustion of administrative remedies. Second, as noted above, the deportation proceedings specifically provided Defendant an opportunity for judicial review, and he waived that right. Finally, Defendant argues that the order was fundamentally unfair; however, Defendant's argument is solely based on the Notice to Appear failing to provide the date and time of a hearing at which ultimately Defendant voluntarily waived any right to appear. Thus, there can be no demonstration of unfairness.

Finally, the Court notes that Defendant's Motion seeks to broaden the scope of Pereira far beyond that evidenced by the carefully crafted language of the opinion. Indeed, each time Justice Sotomayor discussed the errors in the Notice to Appear, she was careful

to also limit application of the issue to the so-called stop-time rule. She specifically noted in the background information that the narrow question in the case looked specifically at whether or not the Notice to Appear failing to specify a time or place triggered the stop-time rule. See Pereira, 138 S.Ct. at 2110. Defendant would now broaden that narrow holding and argue that any time the Notice to Appear fails to include a date or time, regardless of the underlying circumstances, that Notice would be invalid and any further proceedings against the alien would have been invalid. This reading of Pereira simply distorts it beyond recognition.

For the reasons set forth herein, Defendant's Motion to Dismiss Indictment (Dkt. No. 16) is DENIED.

IT IS SO ORDERED this 2nd day of October, 2018.

ROBIN J. CAUTHRON
United States District Judge